

Shumaker, Loop & Kendrick, LLP

1000 Jackson Street    419.241.9000
Toledo, Ohio 43604    419.241.6894 fax

MATTHEW T. KEMP
419.321.1255
mkemp@shumaker.com

May 28, 2019

VIA EMAIL

Denise M. Hasbrook, Esquire
Roetzel & Andress
One SeaGate, Suite 1700
Toledo, Ohio 43604

    Re:    Devonshire REIT II Inc., v. Carroll, et al.

Dear Ms. Hasbrook-

    This is Plaintiff's response to your May 14, 2019 letter regarding issues that Defendants may raise in a motion to dismiss.

### I.    Forum Selection Clause.

    The Delaware forum selection clause in the Transaction Agreement does not apply here, because none of Plaintiff's claims arise out of the Transaction Agreement. Moreover, Defendants were not signatories to the Transaction Agreement. None of the cases cited in your letter suggest that non-signatories to an agreement may invoke that agreement's forum selection clause when the claims do not arise out of the agreement. *See, e.g.*, *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (noting requirement that "the claim at hand arise from the non-signatory's status related to the agreement").

### II.    Venue.

    Under 28 U.S.C. § 1391(a)(2), a "plaintiff is not required to show that it has chosen the 'best' venue." *Medquist MRC, Inc. v. Dayani*, 191 F.R.D. 125, 127 (N.D. Ohio 1999). "Rather, the court's inquiry must be whether plaintiff has chosen *any* forum with a substantial connection to the claim, regardless of whether other forums exist with greater contacts." *Id.* Venue may be proper in more than one district, and "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Capitol Specialty Ins. Corp. v. Splash Dogs, LLC*, 801 F. Supp. 2d 657, 672 (S.D. Ohio 2011) (internal quote omitted). Further, contrary to the assertion in your letter, "[c]ourts may also consider where the effects of a defendant's alleged breach are experienced." *Alter v. Schafer*, No. 2:16-CV-785, 2017 WL 4168352, at *3 (S.D. Ohio Sept. 20, 2017). Defendants' wrongful actions were repeatedly directed toward Plaintiff's predecessor in this district. And

Denise M. Hasbrook, Esquire
May 28, 2019
Page 2

there is no "element of unfairness" in suing former high-level executives in the district housing the company they served.

### III. 12(b)(6) Arguments.

#### A. Breach of Contract (Counts III and V).

Carroll's employment agreement required him to perform the duties of CEO. As exhaustively alleged in the Complaint, he failed to faithfully perform those duties, thereby breaching the agreement. Likewise, Roche's employment agreement required him to faithfully perform his duties, which he repeatedly failed to do, as alleged in the Complaint.

#### B. Faithless Servant Doctrine (Counts IV and VI).

We believe the faithless servant doctrine can properly be pled as an independent cause of action. The doctrine as articulated by Ohio courts is quite broad. The doctrine "holds that dishonesty and disloyalty on the part of an employee which permeates his service to his employer will deprive him of his *entire agreed compensation,* due to the failure of such an employee to give the stipulated consideration for the agreed compensation.'" *Roberto v. Brown Cty. Gen. Hosp.*, 59 Ohio App. 3d 84, 86, 571 N.E.2d 467, 469 (1989). At least one Ohio Court of Appeals decision has upheld a judgment requiring an employee to disgorge compensation paid during the period of the employee's disloyalty. *See Columbus Homes Ltd. v. S.A.R. Constr. Co.*, 2007-Ohio-1702, ¶¶ 51-54. We do not believe that the common pleas court cases you cite establish an authoritative rule that the doctrine cannot be used as an independent cause of action.

#### C. Tortious Interference and Conspiracy (Count VII)

The essential allegation of the Complaint is that Defendants intentionally interfered with, prevented, and delayed the planned merger between REIT 1 and REIT 2, causing damages to REIT 2. The claim of tortious interference with a business relationship specifically applies to interference with relationships "not yet reduced to a contract." *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 2002-Ohio-3932, ¶ 23, 148 Ohio App. 3d 596, 604, 774 N.E.2d 775, 781. Defendants' actions intentionally prevented the consummation of the planned merger for months, which is actionable as tortious interference.

#### D. Fraud (Count VIII).

We believe the Complaint contains more than enough detail of Carroll's fraudulent acts to meet the pleading standards of Rule 9(b). See, e.g., Complaint ¶¶ 20-32; 50; 58; 79-82. Further detail regarding Plaintiff's claims can be pursued in discovery.

Denise M. Hasbrook, Esquire
May 28, 2019
Page 3

### E. Unjust Enrichment (Counts IX and X.)

Fed. R. Civ. P. 8(d) explicitly allows alternative and inconsistent claims. This is consistent with Ohio law, which recognizes that "[b]ecause alternative pleading is permissible, a party may plead both a breach-of-contract claim and an unjust-enrichment claim without negating the validity of either claim." *Cristino v. Bur. of Workers' Comp.*, 2012-Ohio-4420, ¶ 26, 977 N.E.2d 742, 753. The validity of an unjust enrichment claim in the face of an explicit contract is best dealt with on summary judgment, not a motion to dismiss.

### F. Breach of Fiduciary Duty as to John Roche (Count II).

The Complaint alleges that Roche served as CFO of REIT 1. At this stage, the allegation must be accepted as true. The employment agreement – offering Roche "the position of Finance" – does not conclusively rebut this allegation; in fact, it is quite consistent with the allegation that he served as CFO. Moreover, it would be unusual to pay an "employee" $300,000, plus a $250,000 bonus, unless that employee had a significant and special role within the company.

Very truly yours,

Matthew T. Kemp

MTK:kka