

One SeaGate
Suite 1700
Toledo, OH 43604
DIRECT DIAL 419.254.5243
PHONE 419.242.7985 FAX 419.242.0316
dhasbrook@ralaw.com

WWW.RALAW.COM

May 14, 2019

**VIA EMAIL**

The Honorable Jack Zouhary, Judge
U.S. District Court, Northern District of Ohio
Western Division
1716 Spielbusch Avenue
Toledo, OH 43604-5363

      Re:    *Devonshire REIT II, Inc. v. Michael Carroll, et al.*
              U.S. District Court, Northern District, Western Division
              Case No. 3:19-cv-00369-JZ

Dear Judge Zouhary:

      In response to your May 13, 2019 request, please allow the following to serve as Defendants' summary letter of issues that they seek to raise in a motion to dismiss.

**I.**     <u>**Jurisdiction and Venue is in Delaware (Fed. R. 12(b)(1); 28 U.S.C. § 1406(a)).**</u>

      Defendants are permitted to submit material outside of the Complaint to establish jurisdiction and venue. *Alter v. Schafer*, 2017 WL 4168352, at *2. Exclusive jurisdiction and venue is in Delaware based on the Transaction Agreement ("TA") repeatedly referenced in the Complaint. (Compl. ¶ 42-45, 55, 58-63.) The TA had a broad forum selection clause for jurisdiction in Delaware. The clause applies to any action "that arises out of, relates to or is in any manner connected" with the TA or any of the other transactions contemplated by the TA, including performance under the TA "or any other claim (including tort claims) that arises out of, relates to or is in any manner connected with" the TA or any of the other transactions contemplated by the TA. (TA § 10.9.) Delaware law governs the TA. *See id.* § 10.8. This broad language applies to non-contract based claims including the fraud, breach of fiduciary duty, and unjust enrichment claims asserted in the complaint. *See* TA § 10.9; *see also Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 220 (3d Cir. 2015); *Courtney v. Intuitive Surgical, Inc.*, No. 15C-01-027, 2015 WL 6671558, at *1 (Del. Super. Ct. Oct. 30, 2015).

      The forum selection clause applies to and binds all parties to this action, divesting the Court of jurisdiction. *Simon v. Navellier Series Fund*, No. 17734, 2000 WL 1597890, at *6 (Del. Ch. Oct. 19, 2000). As alleged, Plaintiff is a successor to the party that executed the transaction Agreement, REIT 1, and is therefore expressly bound by its language which provides that it shall be binding upon "the Parties ***and their respective successors***." TA § 10.6 (emphasis added). *See*

ROETZEL & ANDRESS
A LEGAL PROFESSIONAL ASSOCIATION

13814935_1 140201.0001

CHICAGO · WASHINGTON, D.C. · CLEVELAND · TOLEDO · AKRON
COLUMBUS · CINCINNATI · ORLANDO · FORT MYERS · NAPLES

The Honorable Jack Zouhary, Judge
May 14, 2019
Page 2

*Ashall Homes Ltd. v. ROK Entm't Grp. Inc.*, 992 A.2d 1239, 1249 (Del. Ch. 2010). A non-signatory can be bound by the forum-selection clause under Delaware law. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015).

Defendants are also bound and have standing to invoke the forum-selection provision because they are "closely related to one of the signatories" and were "intimately involved" in the transaction. *Ashall Homes*, 992 A.2d at 1249; *ASDC Holdings, LLC v. Richard J. Malouf 2008 All Smiles Grantor Retained Annuity Tr.*, No. CIV.A. 6562-VCP, 2011 WL 4552508, at *7 (Del. Ch. Sept. 14, 2011); *see also Hitachi Med. Sys. Am., Inc. v. St. Louis Gynecology & Oncology, LLC*, No. 5:09-CV-2613, 2011 WL 711568, at *8 (N.D. Ohio Feb. 22, 2011).

## II.  Venue in the Northern District of Ohio is Improper (Fed. R. Civ. P. 12(b)(3)).

Plaintiff cannot show that "a substantial part of the events or omissions giving rise to the claim" occurred in the judicial district as required under 28 U.S.C. § 1391(b)(2). The Complaint references only isolated events that occurred in Ohio, having little or no relationship to the basis of Plaintiff's multiple claims, let alone a "substantial" relationship.

Plaintiff is a Maryland corporation and Defendants are New York residents. Carroll's employment negotiations occurred outside of Ohio, and concluded with signing the contract in New York. The Agreement expressly stated that his duties were to be performed in New York with a minimum of five days spent in REIT 1's "other offices." (Doc. 1-2, § 2(d).) Roche's offer letter was sent by Carroll from New York to Roche's New York address. It was signed by Roche in New York.

The physical location of Plaintiff's business has no bearing under 28 U.S.C. § 1391(b)(2) unless the real property is "the subject of the action." Defendants' occasional visits to the Ohio office after becoming employed by REIT 1 do not establish venue absent an additional showing that a substantial part of the events or omissions giving rise to the claims occurred in that location. *Medquist MRC, Inc. v. Dayani*, 191 F.R.D. 125 (N.D. Ohio 1999). It is insufficient that the *effects* of the alleged breach were felt in Ohio. *Alter v. Schafer*, 2017 WL 4168352, at *3.

## III.  Plaintiff Fails to State a Claim Upon which Relief Can Be Granted in the Counts Listed Below (Fed. R. 12(b)(6)).

### A.  Contract (Counts III and V).

No terms in the agreements were alleged to be breached to satisfy the element of failure to fulfill contractual obligations. *Telecom Acquisition Corp. I v. Lucie Ents., Inc.*, 2016-Ohio-1455. *See also Gombita v. Nationstar Mortg., LLC*, No. 1:16-CV-1024, 2017 WL 374731 (N.D. Ohio Jan. 25, 2017); *Lee v. Potter*, No. 3:08CV00344, 2009 WL 2057625 (S.D. Ohio July 14, 2009).

The Honorable Jack Zouhary, Judge
May 14, 2019
Page 3

### B. Faithless Servant (Counts IV and VI).

The faithless servant doctrine is a defense and not an independent cause of action in Ohio. *Foley v. American Electric Power*, 425 F.Supp.2d 863, 873-874 (SD Ohio, 2006). (The District Court recognized this as a defense, holding the employer has the right of set off to mitigate damages for amounts paid to the employee while he was disloyal). *Roberto v. Brown City General Hospital*, 59 Ohio App.3d 84, 571 N.E.2d 467 (12th Dist. 1989) (court upholds employer's defense of failure to pay deferred compensation for periods of time in which the employee failed to uphold his bargain. Several lower Ohio courts have recognized that the doctrine does not constitute an independent cause of action: *Mattress Matters, Inc. v. Trunzo*, Cuyahoga CP No. CV15845336, 2016 WL9525572 (March 10, 2016); *Perdew v. Process Division*, Franklin County CP No. 12CV11033, 2013 BL461906 (February 21, 2013).

### C. Tortious Interference and Conspiracy (Count VII).

There is no termination of a business relationship between REIT 1 and REIT 2, which is an element "essential to recovery for tortious interference." *Chandler & Assoc., Inc. v. Am.'s Healthcare All., Inc.*, 125 Ohio App.3d 572, 583, 709 N.E.2d 190, 197 (8th Dist.1997); *WLB Radiology, LLC v. Mercy Health, LLC*, 6th Dist. L-16-1015, 2016-Ohio-5276; *Shah v. Cardiology S., Inc.*, 2nd Dist. Montgomery No. 20440, 2005-Ohio-211.

Conspiracy fails when the alleged co-conspirators are members of the same collective entity, as Carroll and Roche are here, because they are not "two separate people" who can form conspiracy. *Daudistel v. Village of Silverton*, 1st Dist. Hamilton No. C-130661, 2014-Ohio-5731, ¶ 45; *Ohio Vestibular & Balance Ctrs., Inc. v. Wheeler*, 6th Dist. No. L-11-1320, 2013-Ohio-4417, 999 N.E.2d 241, ¶ 28; *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008).

### D. Fraud (Count VIII).

The claim lacks specificity on specific details outlined in Fed. R. Civ. P. 9(b). Fed. R. Civ. P. 9(b); *Leeds v. City of Muldraugh, Meade Cty., KY*, 174 F. App'x 251, 254 (6th Cir. 2006). Alternatively, it fails because it merely repeats and duplicates the breach of contract claim. *Textron Financial Corporation v. Nationwide Mutual Ins. Co.*, 115 Ohio App.3d 137, 151, 684 N.E.2d 1261 (9th Dist. 1996).

### E. Unjust Enrichment (Counts IX and X).

Ohio law bars recovery under the theory of unjust enrichment when an express valid contract exists covering the same subject. *Robins v. Glob. Fitness Holdings, LLC*, 838 F.Supp.2d 631, 646 (N.D.Ohio 2012). Here, there are written employment agreements for Roche and Carroll. Alternatively, there was no benefit "unjustly" conferred upon Carroll or Roche. They were entitled to the salaries and benefits as set forth in their written employment agreements. *Brainard v. Toledo*, 118 Ohio Misc.2d 158, 2001-Ohio-4352, 770 N.E.2d 153, ¶ 22 (Ohio Com.Pl.).

The Honorable Jack Zouhary, Judge
May 14, 2019
Page 4

### F. Breach of Fiduciary Duties (Count II) as to John Roche.

There must be a special relationship of confidence and trust resulting from a position of superiority or influence (typically an officer, director or shareholder) for this claim. *Stone v. Davis*, 66 Ohio St.2d 74, 78 (1981). Although the Complaint alleges John Roche was the "CFO" of Devonshire, he was not. The plain terms of his employment agreement (attached to the Complaint as Exhibit 3) provide that he was an employee in "the position of Finance" rather than the CFO. As a mere employee, John Roche cannot be liable for breach of a fiduciary duty because the requisite special relationship is lacking.

We look forward to further discussion on these issues at the May 30, 2019 Case Management Conference.

Very truly yours,

ROETZEL & ANDRESS, LPA

Denise M. Hasbrook

DMH/nm
cc:   Matthew T. Kemp, Esq. (via email)
      David J. Coyle, Esq. (via email)
      Lidia B. Ebersole, Esq. (via email)

13814935_1 140201.0001